# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

VINCENT L. ROBERTS,

        Plaintiff,

    v.

FAIRBANKS DAILY NEWS-MINER and KELLY FIELDS,

        Defendants.

Case No. 4:25-cv-00057-SLG

## ORDER OF DISMISSAL UPON SCREENING

On November 21, 2025, self-represented prisoner Vincent L. Roberts ("Plaintiff") filed a prisoner complaint alleging the violation of his civil rights under 42 U.S.C. § 1983 and an incomplete motion to procced without prepaying the filing fee.[1] On March 3, 2026, Plaintiff filed a civil cover sheet and a completed motion to proceed without prepaying the filing fee together with a copy of his prisoner account statement.[2] Plaintiff claims that the Fairbanks Daily News-Miner, a private local newspaper, slandered his name by printing information about his arrest and criminal charges on or about June 25, 2025.[3] Plaintiff also brings claims against Kelly Fields, a private individual, for allegedly sharing the news article on social

---

[1] Dockets 1-2.

[2] Dockets 4-5.

[3] Docket 1 at 3.

media.⁴ For relief, Plaintiff requests $250,000 in damages and an order to "pay all court and attorney fees and to never act on hearsay before conviction or before any court hearings are held."⁵

## I. Screening Standard

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking to proceed without prepaying the filing fee.⁶ In this screening, a district court shall dismiss the complaint at any time if the court determines that the complaint:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.⁷

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.⁸ However, a court is not

---

⁴ Docket 1 at 4.

⁵ Docket 1 at 5.

⁶ *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]"). *See also Denton v. Hernandez,* 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits").

⁷ 28 U.S.C. § 1915(e)(2)(B).

⁸ *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

Case No. 4:25-cv-00057-SLG, *Roberts v. Fairbanks Daily News Miner, et al.*
Order of Dismissal Upon Screening
Page 2 of 5
Case 4:25-cv-00057-SLG    Document 6    Filed 03/09/26    Page 2 of 5

required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[9] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[10] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[11]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[12] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[13]

## II. Civil Rights Claims under Section 1983

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or

---

[9] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[10] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[11] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[12] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[13] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

Case No. 4:25-cv-00057-SLG, *Roberts v. Fairbanks Daily News Miner, et al.*
Order of Dismissal Upon Screening
Page 3 of 5
Case 4:25-cv-00057-SLG   Document 6   Filed 03/09/26   Page 3 of 5

federal statutes.[14] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[15] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[16] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[17]

### III. Screening Review of Plaintiff's Claims

Fairbanks Daily News-Miner is a privately owned and operated newspaper and Kelly Fields is a private individual. Because neither are state actors, Plaintiff cannot maintain a Section 1983 claim against either Defendant. Therefore, Plaintiff's claims against both Defendants arising under the U.S. Constitution— such as the right to due process and the right to be free from excessive bail— must be dismissed.

Further, Plaintiff's slander claim must also be dismissed. A slander claim is a type of tort claim grounded in state law that is typically addressed in state court. A state law claim may only proceed in federal court if the claim is supplemental to a cognizable federal claim, [18] or if the Court has diversity jurisdiction over the

---

[14] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[15] *West v. Atkins*, 487 U.S. 42, 49 (1988) (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).

[16] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995).

[17] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[18] A federal court can exercise supplemental jurisdiction over state law claims that arise

Case No. 4:25-cv-00057-SLG, *Roberts v. Fairbanks Daily News Miner, et al.*
Order of Dismissal Upon Screening
Page 4 of 5

Case 4:25-cv-00057-SLG    Document 6    Filed 03/09/26    Page 4 of 5

case.[19] Here, Plaintiff is a citizen of the same state as Defendants, so the federal court does not have diversity jurisdiction over Plaintiff's state law claims.

For these reasons, the Complaint must be dismissed. The Court finds that no additional facts could be added to remedy the deficiencies in this case, so this dismissal must be without leave to file an amended complaint in federal court. Plaintiff's claims are DISMISSED without prejudice to refiling those claims in a new case in state court.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's claims are **DISMISSED without prejudice to refiling those claims in a new case in state court.**

2. All pending motions are **DENIED as moot**.

3. The Clerk of Court shall issue a final judgment and close this case.

DATED this 9th day of March, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

out of the same transaction or occurrence as the claims set forth in the original complaint. *See* 28 U.S.C. § 1367.

[19] A federal court has diversity jurisdiction over actions between citizens of different states involving an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a).

Case No. 4:25-cv-00057-SLG, *Roberts v. Fairbanks Daily News Miner, et al.*
Order of Dismissal Upon Screening
Page 5 of 5
Case 4:25-cv-00057-SLG    Document 6    Filed 03/09/26    Page 5 of 5